*Arthur S. Mottinger,* for plaintiff in error.

*W. J. Beckley,* for defendant in error.

---

## NECESSITY FOR SUMMONS ON A PETITION IN ERROR.

[Circuit Court of Crawford County.]

ANNA M. ANDRESS v. ELIZA GREENFELTER, GUARDIAN.

Decided, September, 1906.

*Proceedings in Error—Issue of Summons Must Affirmatively Appear, When—Petition in Error may be Stricken from the Files, Unless— Section 5032.*

The filing of a petition in error with praecipe within the four months' limitation is not a sufficient compliance with Section 5032, unless summons actually issues; and where there was no summons issued and no service obtained within the four months, a motion to strike the petition in error from the files must be sustained.

NORRIS, J.; HURIN, J., concurs.

Error to Crawford Common Pleas Court.

An action in error is a civil action. Under Section 5032, Revised Statutes, a civil action must be commenced by the filing of the petition and causing summons to be issued thereon.

A petition in error was filed in this court by the plaintiff in error, Anna M. Andress, to reverse the judgment of the court of common pleas of this county against her, which judgment is of the date of May 17, 1906.

The petition in error was filed on July 17, 1906, accompanied by the requisite exhibits purporting to indicate the error complained of, together with a praecipe for summons in error. This matter is submitted at this juncture upon motion to strike the petition in error from the files, on ground that no summons in error issued in this action. The issuing of the summons in the face of a motion to dismiss for want of summons must affirmatively appear.

This motion we are compelled to sustain. Section 6713, Revised Statutes, makes provision for the manner in which proceedings to obtain review, etc., of a judgment shall be commenced. The action in error is instituted by filing the petition in error, upon which summons in error shall be issued and served unless issue and service be waived as provided in Section 6714, Revised Statutes.

Section 6723, Revised Statutes, by its provisions makes limitation for commencement of actions in error, with certain exceptions, which do not include the case at bar, to the period of four months next after the rendition of the judgment complained of.

Section 4987, Revised Statutes, gives definition as to what shall constitute the commencement of an action, which as applied to the action at bar, there being no waiver nor issuing of service of summons, would relate to the date of the summons served on defendant in error. By the provisions of Section 4988, Revised Statutes, the attempt to commence the action is deemed equivalent to commencement thereof when the party diligently endeavors to procure service, and service actually follows within sixty days after the attempt. These sections

are held to be applicable to actions in error equally and the same as to civil actions in which the impleaded issues of litigants are adjudged by courts upon the evidence.

Under the holding in the case of *Balt. & O. Ry.* v. *Ambach*, 55 Ohio St., 553, to bring a case within the saving clause of Section 4988, Revised Statutes, a summons must be caused to be issued before the expiration of the statute of limitations governing the cause of action. In the case of *Ross* v. *Willet*, 54 Ohio St., 150, it is held that the provisions of Section 4988, Revised Statutes, are applicable by analogy to proceedings in error.

In this case the summons was not issued within four months after the judgment complained of, in which actions in error may be commenced. So that the attempt to commence the action, which is complemented by the filing of the petition and causing summons to issue was not made. What the statute or Supreme Court means or what act it enjoins on a party by the expression "causing summons to issue" or what the party must do other than file petition and praecipe we can not define nor intimate. Whether unreasonable or not it seems to be the law, that in order to commence or make the attempt to commence an action in error, a summons must be caused to be issued within four months next after the rendition of a judgment complained of. This has not been accomplished and the motion must be sustained. We have endeavored not to reach this conclusion. We are driven to it by the stress of the decisions of the Supreme Court, which hold in effect that though the party be without fault and though he exhaust every means at his command to cause summons to issue, if the fact remain that the summons be not issued within the period limited, no review can be had, and the party loses all rights which review of the case might secure or restore to him.

*W. J. Geer*, for plaintiff in error.

*C. H. Henkel* and *J. W. McCarron*, for defendant in error.